Since the order appealed from was made upon the appellant’s default, review is limited to matters which were the subject of contest before the Family Court (see James v Powell, 19 NY2d 249, 256 n 3 [1967]; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907 [2013]; Matter of Brittany C. [Linda C.], 67 AD3d 788 [2009]; Tun v Aw, 10 AD3d 651, 651-652 [2004]), which, in this case, was the denial of the mother’s motion pursuant to CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action (see Delijani v Delijani, 100 AD3d 823 [2012]; Matter of Duane S., Jr. [Duane S.], 88 AD3d 727 [2011]; Matter of Paulino v Camacho, 36 AD3d at 822).
When reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7), we afford the petition a liberal construction, accept the allegations contained therein as true and grant the petitioner the benefit of every favorable inference (see Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 484 [2009]; Matter of Pamela N. v Neil N., 93 AD3d 1107, 1108-1109 [2012]). Here, the petition, filed by the father pro se, adequately alleged that the mother had committed the family offense of *782 menacing in the third degree against the subject child (see Penal Law § 120.15; Matter of Clark v Ormiston, 101 AD3d 870 [2012]; Matter of Jeff M. v Christine N., 101 AD3d 1426, 1427 [2012]; Matter of Gil v Gil, 55 AD3d 1024 [2008]).
The remaining contentions are without merit. Austin, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.